IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-02659-GPG

FEDERAL TRADE COMMISSION, and
CONSUMER FINANCIAL PROTECTION BUREAU,

    Plaintiffs,

v.

TRANSUNION RENTAL SCREENING SOLUTIONS, INC., a Delaware Corporation, and
TRANS UNION LLC, a Delaware limited liability company,

    Defendants.

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following final judgment ("Final Judgment") is hereby entered.[1]

Pursuant to the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief [D. 15] entered by Judge Gordon P. Gallagher on October 18, 2023, it is

ORDERED that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them are hereby permanently restrained and enjoined from:

    A.  Failing to maintain reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a Background Screening Report relates, including reasonable procedures designed to:

---

[1] Unless otherwise noted, all defined terms have the same meaning as in the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief [D. 15]

1. Prevent the inclusion of multiple filings for the same Eviction Proceeding;

2. Accurately reflect dispositions of Eviction Proceedings;

3. Label data fields to describe accurately the contents of the date field; and

4. Ensure that Sealed Records are not included in Background Screening Reports

B. Failing to, upon a consumer's request for such Consumer's File, clearly and accurately disclose to the consumer all sources of all information in the Consumer's File, including but not limited to any vendors or other third parties from which Defendants directly acquire criminal record or Eviction Proceeding Record information in the Consumer's file; except that the sources of information acquired solely for use in preparing an Investigative Consumer Report and actually used for no other purpose need not be disclosed. It is

FURTHER ORDERED that the Defendants must, in connection with the provision of Background Screening Reports:

A. Develop, implement, and follow written procedures reasonably designed to prevent the inclusion in Background Screening Reports of any of the following:

1. Any Sealed Record;

2. Any Eviction Proceeding Record that does not have a final outcome;

3. Multiple filings for any Eviction Proceeding;

4. Any filing for an Eviction Proceeding other than the most recent filing evidencing the outcome or superseding post-judgment filing, such as satisfaction or release of a final judgment; or

5. Any monetary amount associated with an Eviction Proceeding Record other than a final judgment amount or an amount reflecting full or partial

satisfaction of such judgment, provided that Defendants must disclose to customers that any amount reported may include attorney or court fees or costs.

B. Defendants also must monitor the effectiveness of the procedures, take corrective action to address identified issues, and retain records sufficient to demonstrate the implementation of this provision.

C. Maintain a program to regularly monitor consumer dispute data relating to criminal records and Eviction Proceeding Records and to take corrective action internally or with public records providers, including but not limited to vendors or other third parties from which Defendants directly acquire criminal record or Eviction Proceeding Record information, that includes root cause analysis of aggregated issues, and retain records sufficient to demonstrate the program, the issues identified, and the corrective action taken.

D. Maintain a committee, comprised of individuals responsible for:

   1. The execution of Defendant's compliance with the FCRA with respect to the provision of Background Screening Reports; and

   2. Overseeing Defendants' compliance with the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief and the programs required by this section.

   3. The committee must:

      a. Meet at least quarterly;

      b. Retain records sufficient to demonstrate the work of the committee, including minutes and materials from each meeting; and

   c. Regularly report on its work and Defendants' compliance with the FCRA with respect to the provision of Background Screening Reports and the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment , and Other Relief to the Board of Directors or a committee of the Board of Directors of the ultimate parent entity that controls Defendants (which as of the date of entry of this Order, is the publicly-traded company TransUnion); and

   d. Retain all Frequency Reports created by any Defendant, if any, and received from Eviction Proceeding Record providers.   It is

FURTHER ORDERED that Defendant TransUnion Rental Screening Solutions, Inc. must provide to any consumer, upon request and at no charge, all information in that Consumer's File at the time of the request, including but not limited to all information that Defendant TransUnion Rental Screening Solutions, Inc. might provide to a customer or end user. It is

FURTHER ORDERED that Defendant TransUnion Rental Screening Solutions, Inc. must make available to its customers and other end users of its Consumer Reports provided for rental background screening purposes a template for written Adverse Action Notices consistent with the requirements of 15 U.S.C § 1681m. In addition, the template that must also prompt the customer or end user to attach a copy of the Consumer Report and State the Principal reason(s) for the Adverse Action. Defendant TransUnion Rental Screening Solutions, Inc. must make the template publicly available, including on its websites in close proximity to information about its provision of Consumer Reports provided for rental background screening purposes. It is

FURTHER ORDERED that within ten (10) days, Defendants must reserve or deposit into a segregated deposit account Eleven Million Dollars ($11,000,000) for the purpose of providing

redress to Affected Consumers as required by this section, it is

FURTHER ORDERED that within sixty (60) days, Defendants must submit to the Bureau Enforcement Director for review and non-objection a comprehensive written plan for providing redress consistent with the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, it is

FURTHER ORDERED that the Bureau Enforcement Director will have the discretion to make a determination of non-objection to the Redress Plan or direct the Defendants to revise it. It is,

FURTHER ORDERED that each time the Bureau Enforcement Director directs the Defendants to revise the Redress Plan, Defendants must revise and resubmit the Redress Plan to the Bureau Enforcement Director within fifteen (15) days. After receiving notification that the Bureau Enforcement Director has made a determination of non-objection to the Redress Plan, the Defendants must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Redress Plan. It is,

FURTHER ORDERED that the Redress Plan must:

1. Specify the methodology that Defendants are using to identify Affected Consumers and state the number of Affected Consumers;
2. Require Defendants to compensate by check each Affected consumer on a pro rata basis;
3. Identify the amount of redress to be provided to each Affected Consumer;
4. Describe the processes for issuing, delivering, and tracking payments to all Affected Consumers including the processes for handling any unclaimed funds;
5. Specify the methodology Defendants will use to identify the mailing address

for each affected Consumer, which must include reasonable efforts to identify current mailing addresses, including and in addition to the U.S. Postal Service National Change of Address database;

6. Provide that Defendants will send each Affected Consumer an explanatory letter that includes a statement that redress is being provided in accordance with the terms of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief and states why the Affected Consumer is receiving the redress, as well as how the consumer can request a free copy of a Consumer Report for such consumer ("Redress Notification Letter");

7. Provide that Defendants shall not include in any envelope containing a Redress Notification Letter any materials other than the Redress Notification Letter and a payment to the Affected Consumer, unless Defendants have written confirmation from the Bureau that the Bureau does not object to the inclusion of additional materials;

8. Provide that if an initial mailing attempt fails, Defendants shall conduct further research to identify the Affected Consumer's current mailing address and make at least one further mailing attempt;

9. Provide an exemplar of the Redress Notification Letter and envelope;

10. Describe timeframes and deadlines for implementing the Redress Plan, including the period during which redress checks will remain valid and available to negotiate;

11. State that Defendants will pay all costs of administering redress required by this Order; and

12. Describe all reporting that Defendants will provide to the Bureau and FTC concerning the Defendants' provision of redress. It is,

FURTHER ORDERED that within thirty (30) days after the Redress Plan is completed, Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, the difference between the amount of redress provided to Affected Consumers and Eleven Million Dollars ($11,000,000). It is,

FURTHER ORDERED that the Bureau may use remaining funds to pay additional redress to Affected Consumers. If the Bureau determines, in its sole discretion, that additional redress to Affected Consumers is wholly or partially impracticable or otherwise inappropriate, or if funds remain after the additional redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury. Defendants will have no right to challenge any actions that the Bureau or its representatives may take. It is,

FURTHER ORDERED that Defendants may not condition the payment of any redress to any Affected Consumer under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief on that Affected Consumer waiving any right. It is,

FURTHER ORDERED that the Defendants must pay a civil money penalty of Four Million Dollars ($4,000,000) to the Bureau. It is,

FURTHER ORDERED that within ten (10) days, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. It is,

FURTHER ORDERED that the civil money penalty paid under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief will be deposited in the Civil Penalty Fund of the Bureau. It is,

FURTHER ORDERED that Defendants must treat the civil money penalty paid as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

1. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief; or
2. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief. It is,

FURTHER ORDERED that:

1. In the event of any default on Defendants' obligations to make any payment under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable;
2. Defendants relinquish all dominion, control, and title to the funds paid under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief to the fullest extent permitted by law and no part of the funds may be returned to Defendants;
3. The facts alleged in the Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of

the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, or in any subsequent civil litigation by or on behalf of the Bureau or the FTC, including in a proceeding to enforce the Bureau's rights to any payment or monetary judgment under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, such as a nondischargeability complaint in any bankruptcy case;

4. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief will have collateral estoppel effect against each Defendant, even in such Defendant's capacity as debtor-in-possession;

5. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security) Numbers or Employer Identification Numbers), which Defendants previously submitted to the FTC and Bureau, may be used for collecting and reporting on any delinquent amount arising out of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, in accordance with 31 U.S.C. § 7701;

6. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, the affected Defendant must notify the Bureau of the final judgment, order, or settlement in writing. The notification must include the amount of redress, if any, that such Defendant paid or is required to pay consumers and describe the consumers or classes of consumers to

whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action. Defendants may not argue that any Defendant is entitled to, nor may any Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against a Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, that Defendant must, within 30 days after the entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.   It is,

FURTHER ORDERED that Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. It is,

FURTHER ORDERED that Defendants must provide such information in their or their agents' possession or control within fourteen (14) days of receiving a written request from the Bureau. It is,

FURTHER ORDRED that:

1. Each Defendant, within seven (7) days of entry of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and

>   > Other Relief, submit to the FTC and Bureau an acknowledgment of receipt of the Order sworn under penalty of perjury.
>
> 2. For five (5) years after entry of the order, each Defendant must deliver a copy of the order to:
>
>   > a. All principals, officers, directors, and LLC managers and members;
>   >
>   > b. All business leaders and senior managers who have responsibilities related to the subject matter of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief;
>   >
>   > c. Any service providers who have responsibilities related to the subject matter of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief; and
>   >
>   > d. Any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reports."
>
>   Delivery must occur within seven (7) days of entry of the Order for current personnel and for all others, delivery must occur before they assume their responsibilities. It is

FURTHER ORDERED that from each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief. It is,

FURTHER ORDERED that Defendants make timely submissions to the FTC and Bureau. It is,

FURTHER ORDERED that within seven (7) days of the entry of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief Defendant Trans Union LLC must, sworn under penalty of perjury:

1. Identify the primary physical, postal, and email address and telephone number as designated points of contact which representatives of the Bureau or FTC may use to communicate with that Defendant;

2. Identify all of Defendant Trans Union LLC's businesses involved in providing legal or compliance support to Defendant TransUnion Rental Screening Solutions, Inc. by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

3. Describe the legal or compliance support provided to Defendant TransUnion Rental Screening solutions, Inc. and the involvement of any other Defendant. It is,

FURTHER ORDERED that within seven (7) days of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief Defendant TransUnion Rental Screening Solutions Inc. must, sworn under penalty of perjury:

1. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Bureau or FTC may use to communicate with that Defendant;

2. Identify all Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

3. Describe the activities of each such business, including the products and services offered, and the involvement of any other Defendant. It is,

FURTHER ORDERED that Ninety (90) days after entry of the Stipulated Order for

Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, each Defendant must submit to the FTC and Bureau a list of all persons and their titles to whom the order has been delivered pursuant to the section of the order titled "order Acknowledgements." It is,

FURTHER ORDERED that one (1) year after entry of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, each Defendant must submit a compliance report to the FTC and Bureau, sworn under penalty of perjury, in which, at minimum, each Defendant must:

1. Describe in detail whether and how that Defendant is in compliance with each paragraph of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief; and

2. Provide a copy of each Order Acknowledgment obtained, unless previously submitted to the FTC and Bureau. It is,

FURTHER ORDERED that for five (5) years after entry of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, each Defendant must submit a compliance notice to the FTC and Bureau, sworn under penalty of perjury, at least thirty (30) days before, or within fourteen (14) days after learning of the change, whichever is sooner, of any change to the following:

1. Any designated point of contact;

2. The structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, including creation, merger, sale, or dissolution of the entity or any subsidiary,

      parent, or affiliate that engages in any acts or practices subject to the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief;

3. The type or format of Background Screening Reports that Defendant offers;

4. If that defendant begins providing Consumer Reports to customers in the United States or concerning consumers or transactions in the United States that include an Eviction Proceeding Record or criminal record information but are not Background Screening Reports; or

5. If any entity that Defendant has a majority ownership interest in or controls directly or indirectly that is not covered by the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief begins providing Consumer Reports to customers in the United States or concerning consumers or transactions in the United States that include any Eviction Proceeding Record or criminal record information. It is,

FURTHER ORDERED each Defendant must submit to the FTC and Bureau notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant that within fourteen (14) days of its filing. It is,

FUTHER ORDRED that Defendants must submit to the FTC and Bureau reports under penalty of perjury on all payments made pursuant to the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief. Defendants must submit a report quarterly and at the conclusion of redress and any disgorgement summarizing their payment compliance, including stating the total number of, and dollar amounts for Affected Customers, checks mailed, and checks negotiated. It is,

FURTHER ORDERED that any submission to the FTC or Bureau required to be sworn under penalty of perjury under the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature. It is,

FURTHER ORDERED that unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief must be emailed to Debrief@ftc.gov or sent by an overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC & CFPB v. TransUnion 1823204.   It is,

FURTHER ORDERED that unless otherwise directed by a Bureau representative in writing, all submissions to the Bureau pursuant to the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Judgment, and Other Relief must be emailed as directed below:

1. Emailed to: Enforcement_Compliance@cfpb.gov
2. Subject line: FTC and CFPB v. TransUnion Rental Screening Solutions, Inc. and Trans Union LLC, Case No. 23-cv-2659. It is,

FURTHER ORDRED that Defendants must create certain records for five (5) years after entry of Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief and retain each such records for five (5) years. Specifically, Defendants, in connection with the provision of Background Screening Reports, must create and retain the following records:

1. Accounting records showing the revenues from all products or services sold;

2. Personnel records showing, for each person providing services, whether as an employee or otherwise: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

3. Complaints concerning the subject matter of the order, whether received directly or indirectly, such as through a third party, and any response;

4. All employee training materials concerning the subject matter of the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Judgment, and Other Relief; and

5. All records necessary to demonstrate full compliance with each provision of the order including all submissions to the FTC or Bureau. It is,

FURTHER ORDERED that for the purpose of monitoring Defendants compliance with the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Judgment, and Other Relief:

1. Within fourteen (14) days of receipt of a written request from the FTC or Bureau, Defendants must submit additional compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

2. The FTC or Bureau may communicate directly with Defendants, unless Defendants retain counsel related to these communications.

3. Defendants must permit FTC or Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview regarding:

    a. This matter

   b. Anything related to or associated with the conduct described in the Complaint.

   c. Compliance with the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Judgment, and Other Relief and the person interviewed may have counsel present.

 4. Nothing in the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Judgment, and Other Relief will limit the FTC's or Bureau's lawful use of civil investigative demands or other compulsory process. It is,

FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of the order. It is,

FURTHER ORDERED that judgment is awarded in favor of the Plaintiffs and against the Defendants.

This case will be closed.

Dated at Grand Junction, Colorado this 17th day of October 2023

          FOR THE COURT:
          JEFFREY P. COLWELL, CLERK

          By: s/D. Clement
             D. Clement
             Deputy Clerk